Lynda Zadra-Symes (SBN 156511)
lynda.zadra-symes@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
Emily K. Sauter (SBN 265679)
emily.sauter@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY, INC.

Mary O. Nguyen (SBN 236823)
monguyen@aol.com
1408 W. Birchmont Drive
Anaheim, CA 92801
Phone: (714) 963-5486

Attorney for Defendant
VAPOR LABS, INC.

Dennis Connelly (SBN 232835)
socalesquire@gmail.com
LAW OFFICE OF DENNIS CONNELLY
2901 W. Coast Highway Suite 200
Newport Beach, CA 92663
Phone: (949) 270-2904
Facsimile: (949) 258-5093

Attorney for Defendant
J VAPES LLC

JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>VAPOR LABS, INC., a California corporation, and J VAPES LLC, an Arizona corporation,<br><br>Defendants. | Case No. SACV13-01900 AG (JPRx)<br><br>**FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST VAPOR LABS, INC. AND J VAPES LLC**<br><br>Hon. Andrew J. Guilford |

Plaintiff Monster Energy Company ("Monster Energy Company") and Defendants Vapor Labs, Inc. ("Vapor Labs") and J Vapes LLC ("J Vapes") consent and agree to the terms and conditions of this Final Consent Judgment and Permanent Injunction.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court has personal jurisdiction over each of the parties to this action. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331, 1338(a), 1367(a). Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

2. Monster Energy Company is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879. Monster Energy Company is in the business of designing and selling beverages, including energy drinks.

3. J Vapes is a limited liability company organized and existing under the laws of the State of Arizona, having a principal place of business at 1201 Iron Springs Rd., Prescott, Arizona 86305. J Vapes operates the website www.jvapes.com through which it sells, among other things, electronic cigarette liquid products.

4. Vapor Labs is a corporation organized and existing under the laws of the State of California, having a principal place of business at 11542 Knott St. Suite 3, Garden Grove, California 92841. Vapor Labs operates the website www.vaporlabsonline.com through which it sells, among other things, electronic cigarette liquid products.

5. Monster Energy Company filed the Complaint in this lawsuit on December 5, 2013, and J Vapes and Vapor Labs were personally served with the Complaint on that same day.

6. J Vapes and Vapor Labs agree that the following United States Trademark Registrations owned by Monster Beverage Company are valid and enforceable: U.S. Trademark Registration Nos. 2,903,214; 3,134,841; 3,434,822; 3,434,821; 3,908,600; 3,908,601; 3,963,668; 4,011,301; 4,051,650; 2,769,364; 4,394,044; 4,336,329; 4,292,502; and 4,371,544.

7. J Vapes and Vapor Labs agree that as a result of Monster Energy Company's substantial and continuous use of Monster Energy Company's registered trademarks, Monster Energy Company is also the owner of common-law rights in the marks (collectively, "Monster Energy Company's trademarks").

8. J Vapes and Vapor Labs agree that the following United States Copyright Registrations owned by Monster Energy Company for works that feature Monster Energy Company's mark ("Claw Icon Mark") are valid and enforceable: Registration No. VA 1-789-900 registered on October 11, 2011, Registration No. VA 1-727-577 registered on August 2, 2010, and Registration No. VA 1-749-215 registered on November 1, 2010 (collectively, "Monster Energy Company's copyrighted works").

9. J Vapes and Vapor Labs agree that Monster Energy Company is the owner of the trade dress in the overall appearance of the packaging design shown below ("the MONSTER trade dress"), which includes the common elements of a black or black and gray background, a clawed letter "M", a bright accent color and the word MONSTER in a white, stylized font.



J Vapes and Vapor Labs agree that the MONSTER trade dress is valid and enforceable.

10. J Vapes and Vapor Labs sell, among other things, electronic cigarette liquid products under the name Beast Energy. The term Beast Energy appears on the product packaging in green color against a gray background.

11. An image displayed on J Vapes' webpage and Vapor Labs' webpage marketing the Beast Energy product is shown below:



12. J Vapes and Vapor Labs agree that the marketing and sale of the Beast Energy product infringes Monster Energy Company's rights in the

- 3 -

Monster Energy Company trademarks, the Monster Energy Company copyrighted works, and the MONSTER trade dress.

13. J Vapes and Vapor Labs, and their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, who receive actual notice of this injunction by personal service or otherwise, are permanently restrained and enjoined from:

    a. manufacturing, distributing, shipping, importing, displaying, advertising, marketing, promoting, transferring, selling, or offering to sell: (i) products that use the Beast Energy name or Claw Icon Mark or (ii) products that use other names or marks that include the Monster Energy Company trademarks or that are confusingly or substantially similar to the Monster Energy Company trademarks;

    b. manufacturing, distributing, shipping, importing, displaying, advertising, marketing, promoting, transferring, selling, or offering to sell any products that either: (i) use or bear the MONSTER trade dress, or (ii) use or bear an overall appearance confusingly similar to and/or substantially similar to the MONSTER trade dress; and

    c. using the Monster Energy Company copyrighted works in connection with the manufacturing, distributing, shipping, importing, displaying, advertising, marketing, promoting, transferring, selling, or offering to sell of any products.

14. Within ten days after entry of this Final Consent Judgment and Permanent Injunction, J Vapes and Vapor Labs shall deliver to counsel for Monster Energy Company for destruction, without charge, all existing inventory of the Beast Energy product and any advertising or promotional materials for the product.

15. This Court shall retain jurisdiction of this matter for all purposes, including for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

16. J Vapes and Vapor Labs agree to submit to the personal jurisdiction of this Court in connection with this matter for all purposes, including for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

17. This is a final judgment. Any remaining claims set forth in the Complaint filed by Monster Energy Company, to the extent not otherwise addressed by this Final Consent Judgment and Permanent Injunction, are hereby dismissed.

**IT IS SO ORDERED.**

Dated: January 31, 2014

Hon. Andrew J. Guilford
United States District Judge